O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 14-cv-01552 (VEB)

TINA LA VERNE MEDLOCK,

Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

## I. INTRODUCTION

In August of 2010, Plaintiff Tina La Verne Medlock applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorney, William M. Kuntz, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 9, 22). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for SSI benefits and DIB on August 17, 2010, alleging disability due to mental and physical impairments. (T at 211).[1]   The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On May 29, 2012, a hearing was held before ALJ Mason D. Harrell, Jr. (T at 99).  Plaintiff did not appear in person, but was represented by her attorney. (T at 101).  The ALJ received testimony from Joseph Torres, a vocational expert (T at 103-107).  A second administrative hearing was held before ALJ Harrell on October 26, 2012.  Plaintiff appeared with her attorney and testified. (T at 63-69, 76-93).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

The ALJ received testimony from Gregory Jones, a vocational expert (T at 93-97) and Dr. David Glassmire, a medical expert. (T at 69-75).

On November 8, 2012, the ALJ issued a written decision denying the applications for benefits.  (T at 10-28).  The ALJ's decision became the Commissioner's final decision on May 29, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On July 28, 2014, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 3). The Commissioner interposed an Answer on February 9, 2015. (Docket No. 14). The parties filed a Joint Stipulation on May 21, 2015. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so

severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

1   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

2   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

3   It is the role of the Commissioner, not this Court, to resolve conflicts in

4   evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

5   interpretation, the Court may not substitute its judgment for that of the

6   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

7   Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

8   set aside if the proper legal standards were not applied in weighing the evidence and

9   making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

10  432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

11  administrative findings, or if there is conflicting evidence that will support a finding

12  of either disability or non-disability, the finding of the Commissioner is conclusive.

13  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

14  **C.    Commissioner's Decision**

15  The ALJ determined that Plaintiff had not engaged in substantial gainful

16  activity since April 1, 2010, the alleged onset date, and met the insured status

17  requirements of the Social Security Act through December 31, 2015 (the "date last

18  insured.") (T at 15).   The ALJ found that Plaintiff's major depressive disorder,

19  diabetes, and asthma were "severe" impairments under the Act. (Tr. 15).

20

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), as follows: she cannot be in an environment that contains more air pollutants than are found in an air-conditioned environment; she can lift/carry 10 pounds frequently and 20 pounds occasionally; she can sit for 8 hours in an 8-hour workday; she can be on her feet for 2 hours in an 8-hour workday; she needs bright lights in her work environment and cannot work in the dark; she can perform non-complex, routine tasks, without hypervigliance or fast-paced work; she can work with a end of day quota, but cannot be required to make quick decisions or movements on more than an occasional basis, cannot deal with fine print, and cannot be required to interact with the public. (T at 16-17).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home attendant. (T at 20).   Considering Plaintiff's age (44 years old on the amended alleged onset date date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 20-21).

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between April 1, 2010 (the alleged onset date) and November 8, 2012 (the date of the decision) and was therefore not entitled to benefits. (T at 22). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ did not properly assess the medical evidence. Second, she challenges the ALJ's credibility determination. Third, Plaintiff contends that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

**IV. ANALYSIS**

**A.    Medical Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

9

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In this case, Dr. Carlos Pequeno, Plaintiff's treating psychiatrist, completed several assessments of Plaintiff's mental impairments. Dr. Pequeno completed a

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

mental disorder questionnaire form in February of 2011.  He noted that Plaintiff completed of "low mood, insomnia, poor appetite, weight loss, lack of energy, and poor concentration." (T at 457).  Dr. Pequeno diagnosed depression, insomnia, and cocaine dependence in full remission and described Plaintiff's conditions as chronic. (T at 461).

Dr. Pequeno completed a mental capacities form on May 22, 2012.  Dr. Pequeno explained that Plaintiff experienced "low mood, fatigue, and poor concentration." (T at 490).  He opined that Plaintiff's ability to maintain attention and concentration for extended periods was "markedly limited." (T at 490).  Dr. Pequeno noted that Plaintiff had poor tolerance for stress and frustration. (T at 490).  He opined that she could not work on "a sustained basis because she cannot respond appropriately to supervision, co-workers, or customary pressures." (T at 490).  Dr. Pequeno noted that Plaintiff displayed "severe impairment in social and occupational functioning" due to her "chronic and persistent major affective illness (chronic depression)." (T at 490).

On that same date, Dr. Pequeno completed an impairment questionnaire, wherein he described Plaintiff's prognosis as "poor-guarded." (T at 493).   He

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

assigned a Global Assessment of Functioning ("GAF") score[2] of 58 (T at 493), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).

Dr. Pequeno assessed moderate limitations with regard to Plaintiff's ability to remember and understand one or two step instructions and marked limitation as to her abilities to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerance, sustain ordinary routine without supervision, and work in coordination with or proximity to others without being unduly distracted by them. (T at 496).   He also opined that Plaintiff had a marked limitation with respect to completing a normal workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. (T at 497).   Dr. Pequeno believed Plaintiff would experience episodes of deterioration or decompensation in work or work-like settings that would cause her to withdraw from that situation and/or experience an exacerbation of signs and symptoms. (T at 498).   He does not believe Plaintiff is a malingerer. (T

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

at 499).   Dr. Pequeno described Plaintiff as "psychologically and mental very fragile" and incapable of even "low stress" work. (T at 499).   He opined that Plaintiff could likely be absent from work more than 3 times per month due to her impairments or treatment. (T at 500).

On October 19, 2012, Dr. Pequeno wrote a letter, wherein he described Plaintiff's prognosis as "guarded."   He reiterated the marked limitations from his May 2012 assessment and again opined that Plaintiff could not handle even low stress work. (T at 519-20).

The ALJ discounted Dr. Pequeno's opinions, giving relatively greater weight to the assessments of Dr. Ernest Bagner (a consultative examiner) and Dr. David Glassmire (a non-examining medical expert who reviewed Plaintiff's records and testified at the second administrative hearing). (T at 18-19).   For the following reasons, this Court finds that the ALJ's decision was supported by substantial evidence.

First, the ALJ found that Dr. Pequeno's contemporaneous treatment notes contradicted the severe limitations set forth in the May 2012 and October 2012 assessments. (T at 18).   Several mental status examinations described Plaintiff as having a bright affect, with broad mood, relaxed demeanor, and improved symptoms. (T at 18, 387, 391).   In February of 2011, Dr. Pequeno completed a

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

mental status review in which he opined that Plaintiff had no memory defect, orientation defect, or illogical association of ideas. (T at 456). He found only "slight" autistic or regressive behavior, judgment defect, or inappropriateness of affect. (T at 456). The ALJ noted that Plaintiff's condition showed improvement with medication. (T at 18, 387, 391). The ALJ found Dr. Pequeno's assessment contradicted by Plaintiff's activities of daily living, which included caring for her son, performing light housework, shopping, and using public transportation. (T at 17, 235-40). The ALJ acted within his discretion in relying on these factors to discount Dr. Pequeno's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, the ALJ reasonably relied on the contrary opinions of two medical experts. Dr. Bagner, a Board Eligible psychiatrist, performed a consultative psychiatric evaluation in January of 2011. He diagnosed depressive disorder, not otherwise specified. (T at 432). Dr. Bagner opined that Plaintiff would have no limitations interacting with supervisors, peers, or the public or with completing simple tasks. (T at 433). He assessed mild limitations with regard to maintaining concentration and attention and completing complex tasks and mild to moderate

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

1    limitation handling normal stresses at work and completing a normal workweek

2    without interruption. (T at 432).

3        Dr. Glassmire, a Board Certified psychologist, reviewed Plaintiff's medical

4    records, including Dr. Pequeno's opinions, and concluded that Plaintiff was limited

5    to non-complex, routine tasks, with no hypervigilance, no fast-paced work, and no

6    interaction with the public. (T at 19, 70).  He further found that Plaintiff could

7    handle work that required an "end of day" quota, provided she was not required to

8    make quick decisions or movements on more than an occasional basis. (T at 19, 70).

9        Dr. Glassmire provided a detailed explanation for his opinion, noting

10   Plaintiff's generally normal mental status examinations and conservative mental

11   health treatment history. (T at 19, 71-75).  Plaintiff's counsel had the opportunity to

12   cross-examine Dr. Glassmire. (T at 75).  The ALJ acted within his discretion in

13   affording greater weight to Dr. Glassmire's opinion, which was supported by Dr.

14   Bagner's assessment and by a reasonable reading of the record evidence.  *See*

15   *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary*

16   *of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989))(finding that "an ALJ may give greater

17   weight to the opinion of a non-examining expert who testifies at a hearing subject to

18   cross-examination").

19

20

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

1    Plaintiff argues that the ALJ should have weighed the evidence differently and

2    resolved the conflict in favor of Dr. Pequeno's opinions, but it is the role of the

3    Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v.*

4    *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the

5    evidence supports more than one rational interpretation, this Court may not

6    substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577,

7    579 (9th 1984). If there is substantial evidence to support the administrative

8    findings, or if there is conflicting evidence that will support a finding of either

9    disability or nondisability, the Commissioner's finding is conclusive. *Sprague v.*

10   *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was

11   supported by substantial evidence and must therefore be sustained.  *See Tackett v.*

12   *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably

13   supports the Commissioner's decision, the reviewing court must uphold the decision

14   and may not substitute its own judgment).

15   **B.    Credibility**

16   A claimant's subjective complaints concerning his or her limitations are an

17   important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

18   1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

19   claimant's credibility must be supported by specific cogent reasons. *Rashad v.*

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She graduated from high school.  She stopped working in 2010 due to an inability to manage stress. (T at 65-66).  Although she used illegal drugs in the past, she had not used any such drugs since April 1, 2010 (the alleged onset date). (T at 68-69).  She is single, with three children (ages 14, 19, and 24).  She lives with her 19-year old son. (T at 76-77).  She spends her days at home watching television.  (T at 77).  She cannot read because of problems concentrating. (T at 77).  She shares cooking and shopping duties with her son. (T at 77).  She attends church services

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

from approximately 12:30 to 5:00 in the afternoon on Sundays. (T at 78).  She uses an inhaler for breathing problems. (T at 80).  She can lift about 10 pounds. (T at 80).  She does not vacuum due to pain. (T at 80).  She might have been able to lift around 40 pounds in December 2010, but has gotten weaker since then. (T at 81).  She has four grandchildren and takes them to the park occasionally. (T at 81-82).  Diabetes causes problems with her eyesight. (T at 84).  She has painful sores on her feet. (T at 84).  She has prescription medication for neuropathy in her legs and feet. (T at 85).  She cannot stand for extended periods or walk long distances. (T at 86-87).  Depression causes problems with memory and concentration. (T at 88).  She isolates herself. (T at 89).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 18).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.  As noted above, Plaintiff's mental status examinations were generally within normal limits. (T at 387, 391, 456, 459-60).  Two medical experts (Dr. Bagner and Dr. Glassmire) assessed the limitations arising from Plaintiff's mental health impairments and concluded they

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

were not as disabling as she alleged. Plaintiff's testimony regarding her physical impairments was contradicted by the assessment of Dr. Bryan To, an examining physician.  Dr. To opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; walk 6 hours in an 8-hour workday; and sit without restriction. (T at 428).  Plaintiff demonstrated improvement in her symptoms with medication. (T at 387, 391, 514).   An ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also cited Plaintiff's activities of daily living, which included church attendance, grocery shopping, preparing meals, attending to personal care and light housework, and using public transportation. (T at 17, 235-40).  When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

The ALJ also referenced Plaintiff's generally conservative course of treatment. (T at 18). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Lastly, the ALJ noted that Plaintiff told Dr. Bagner that she had no history of illicit drug abuse (T at 431), but actually admitting using drugs (T at 69) and tested positive for cocaine. (T at 342).  Dishonesty regarding drug use may be used to discount a claimant's credibility. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].") ; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

## C.   Step Five Analysis

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987).  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, at step five of the sequential evaluation, the ALJ relied on the testimony of a vocational expert and found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 21).  Plaintiff

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

contends that the hypothetical questions presented to the vocational expert did not incorporate all of her limitations.

However, the ALJ's hypothetical included the limitations set forth in the RFC, including the environmental limitation, the need to work in bright lights, and the inability to see and read fine print. (T at 93-95). The ALJ reasonably relied on the vocational expert's expertise in this regard and this Court finds no basis for disturbing the Commissioner's decision.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the

DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB

1  Commissioner's decision, the Commissioner is GRANTED summary judgment and

2  that Plaintiff's motion for judgment summary judgment is DENIED.

3

4

5

6                              **VI. ORDERS**

7  IT IS THEREFORE ORDERED that:

8        Judgment  be  entered  AFFIRMING  the  Commissioner's  decision  and

9  DISMISSING this action, and it is further ORDERED that

10       The  Clerk  of  the  Court  shall  file  this  Decision  and  Order  and  serve  copies

11 upon counsel for the parties.

12                   DATED this 9th day of March, 2016.

13

14                          /s/Victor E. Bianchini
                            VICTOR E. BIANCHINI
15                   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20                                23

       DECISION AND ORDER – MEDLOCK v COLVIN 14-CV-01552-VEB